## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NEWSMAX MEDIA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. _____ |
| v. | ) | |
| | ) | |
| MARK NEJMEH, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Newsmax Media, Inc. ("Newsmax"), for its Complaint against Defendant Mark

Nejmeh ("Nejmeh" or "Defendant") alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for trademark infringement, unfair competition and

cybersquatting.

2.     Newsmax is the owner of the federally registered mark NEWSMAX and a

recognized leading publisher of news, entertainment news and features, including reviews of

movies, books, and music, both online and in print.  Indeed, *The New York Times* has called

Newsmax an "influential media company that has established itself as a potent force in

conservative politics" that "reaches more homes than *The Weekly Standard* or *National Review*,

two of the higher brow pillars of American conservatism."

3.     Nejmeh is a cybersquatter who, ten years after the federal registration of the mark

NEWSMAX.COM, registered the virtually identical domain newsmax.us (the "Domain").

Despite attempts to purchase the Domain from Nejmeh for a reasonable price that would more

than compensate him for his out of pocket costs, Nejmeh has refused to sell or otherwise transfer

1788573_4

the Domain to Newsmax, except at the extraordinarily high price of $80,000.  Moreover, he has stated that he intends to publish a newspaper under the infringing mark newsmax.us.

4.      Nejmeh's registration of and refusal to transfer the Domain constitutes bad faith registration of the Domain under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).  Moreover his recent posting of a blog at the Domain following the unsuccessful attempt by Newsmax to purchase the Domain and his stated intended publication of newspapers under the mark newsmax.us is likely to cause confusion among consumers as to the source of his services and any affiliation with or sponsorship by Newsmax and constitutes willful infringement and unfair competition in violation of the Lanham Act.

5.      By this Complaint, Newsmax, seeks preliminary and permanent injunctive relief, treble damages, statutory damages and its attorneys' fees and costs.

## THE PARTIES

6.      Newsmax Media, Inc. is a corporation formed under the laws of Nevada with its principal place of business at 560 Village Blvd., Suite 120, West Palm Beach, Florida 33409.

7.      Upon information and belief, Defendant Mark Nejmeh is an individual residing in New Jersey with an address of 414 Newark Ave., Bradley Beach, New Jersey 07720.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because certain of the claims arise out of the Lanham Act (15 U.S.C. §§ 1114 & 1125(a) and (d)).

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts of Defendant which form the basis of Newsmax's claims were/are performed in New Jersey.  In addition, Nejmeh is a resident of New Jersey.

1788573_4

## BACKGROUND

### The NEWSMAX Mark

10.     Newsmax began using the mark NEWSMAX.COM in August 1998 in connection with a website featuring current events.  Shortly thereafter, in or about January 2000, Newsmax began offering magazines featuring news, entertainment news and features under the mark NEWSMAX.  Collectively, NEWSMAX and NEWSMAX.COM are referred to herein as the "Newsmax Marks."

11.     Since July 1998, Newsmax has continuously owned the domain name newsmax.com for its website, accessible at http://www.newsmax.com, where Newsmax publishes and broadcasts its online news and entertainment services ("Newsmax Website").

12.     In addition, Newsmax prints and distributes electronic and printed newsletters under the NEWSMAX mark to subscribers on a range of financial and health topics.

13.     Since the dates of first use of the Newsmax Marks, Plaintiff has extensively and continuously used the marks.

14.     The Newsmax Marks are inherently distinctive since "newsmax" is a coined term with no other meaning than as a designation exclusively for Newsmax's products and services.

15.     United States federal registrations for NEWSMAX.COM (Reg. Nos. 2721043 and 3659417) were issued on June 3, 2003 and July 21, 2009, respectively.  Copies of these registrations are annexed hereto as Exhibits A and B.

16.     United States federal registrations for NEWSMAX (Reg. No. 3177090 and 4308915) were issued on November 28, 2006 and March 26, 2013, respectively.  Copies of these registrations are annexed hereto as Exhibits C and D.

1788573_4

17.     NEWSMAX.COM (Reg. No. 2721043) and NEWSMAX (Reg. No. 3177090) are incontestable under 15 U.S.C. § 1065.

18.     In the fifteen years since its launch, Newsmax has become a leading publisher of news, entertainment news and features, including reviews of movies, books, and music, both online and in print.

19.     Newsmax's reputation is preeminent.  According to the widely cited Nielsen ratings, Newsmax.com is one of the most visited online sources for independent news.

20.     According to the widely cited comScore ratings, in July 2013, the Newsmax family of websites received 65 million page views.  11.3 million of these were unique viewers.

21.     From May 2013 through August 2013, the Newsmax family of websites frequently achieved higher comScore ratings than such highly trafficked political news websites as Fox News Politics, NBCNews.com Politics, CNN Politics and Politico.com.

22.     Newsmax's email alerts go out to a list of over 4 million opt-in subscribers. Last week alone, over 90 million email alerts were delivered to subscribers.

23.     Newsmax's print subscription circulation, currently over 185,000, is also growing.

24.     In 2011, Newsmax began publishing its magazine electronically on various e-reader platforms and launched a mobile magazine application for the Apple iPhone and iPad.

25.     Moreover, Newsmax reaches new audiences through such avenues as Facebook and Twitter.  Newsmax's Facebook page has over 282,000 likes, and Newsmax currently has over 34,500 Twitter followers.

1788573_4

26.     Newsmax's audiences have come to rely on its NEWSMAX services for timely, insightful reporting on current news and entertainment and for sharp analysis and commentary.

27.     The Newsmax Marks have accumulated substantial goodwill of great value due to the influence of the publications among conservative readers – in print and on the internet – and the high quality of its news and feature articles.

28.     Indeed, in light of the popularity and success of the magazine and website, Newsmax has continued to expand its offerings under the mark and has since begun broadcasting online television programming. Its website at newsmax.com, which, since 2009 has been prominently branded as NEWSMAX, features streaming video segments.

29.     Moreover, Newsmax has been expanding its use of the Newsmax Marks and is planning further expansion.  Newsmax is the owner of several intent to use applications, including applications for NEWSMAX for "Cable television, satellite television, television, radio, internet, internet radio, video, and wireless broadcasting services; Satellite transmission services; Simulcasting broadcast television and radio over global communication networks, the internet and wireless networks; News agency services for electronic transmission; Pay-per-view television transmission services; Broadcasting of cable television, television, pay-per-view and radio programs" (Serial No. 85675867); "Production and distribution of programs in the nature of radio, television, audio and video podcast programs, and web series for broadcast over television, cable television, internet and satellite; News syndication for the broadcasting industry; Premium or pay television services, namely, production and distribution of television programs for broadcast via the Internet, satellite systems, wireless networks and cable television systems; Programming of premium and pay television shows, and programming on a global computer network; Entertainment services, namely, the provision of continuing programs and segments,

5

featuring news and commentary delivered by cable television, television, radio, satellite, the internet and wireless networks; Online journals, namely, blogs featuring news and entertainment news; Entertainment services, namely, providing on-line reviews of movies, books, and music; Production and distribution of television and radio programs" (Serial No. 85677899).

30.     Newsmax also owns a pending application for NEWSMAX HEALTH (Serial No. 85974815) in connection with "Providing information, news and commentary in the field of nutrition, health and wellness."

31.     To date, Newsmax has not licensed the use of the Newsmax Marks to any third parties and it carefully polices use of the Newsmax Marks.

32.     Upon information and belief, no entity other than Newsmax is known in the trade or community at large by the name Newsmax or by any name incorporating the word "Newsmax"; and, upon information and belief, Newsmax is the only entity that has made any legitimate use of any Newsmax Marks.  Upon information and belief, no other entity except Newsmax has any pending application or existing registration for any Newsmax mark of any kind.

33.     Plaintiff has never granted rights to Nejmeh to use its service marks or any variation thereof.

34.     As a result of the longstanding use of the Newsmax Marks, members of the public recognize the marks used in connection with news as indicating reliable, high quality reporting originating with Newsmax, and Newsmax has built up substantial good will in the Newsmax Marks.

6

**Defendant's Bad Faith Registration of the**
**newsmax.us Domain**

35.     Upon information and belief, on or about January 10, 2011, more than twelve years after Newsmax commenced use of the Newsmax Marks, and nearly eight years after the first registration for NEWSMAX.COM issued, Nejmeh registered the domain newsmax.us.

36.     Upon information and belief, Nejmeh is not known by the name "newsmax," offers no services under the name "newsmax," and has carried on no business under the name "newsmax" – nor could he, given the longstanding exclusive ownership and use by Newsmax.

37.     Upon information and belief, until recently, Nejmeh was making no use of the Domain.  There was no content at the newsmax.us website.

38.     Indeed, it was only after Newsmax sought transfer of the Domain that Nejmeh began posting material at the site.

39.     The material currently posted at the site is in the nature of a blog that comments on Newsmax's attempts to reclaim the Domain that Nejmeh improperly registered.

40.     Newsmax first became aware of Nejmeh's registration of the Domain in or about May 2013.

41.     Given that there was no content at the Domain and it had no immediate plans for the domain, Newsmax did not take immediate action to reclaim it.

42.     However, in or around September 2013, Newsmax wished to obtain and use the Domain newsmax.us for news-related services in conjunction with its long-existing website at newsmax.com. Thus, on or about, September 16, 2013, Newsmax took steps to recover the Domain.  Via GoDaddy, it made an offer of $100 for the Domain – a generous offer in light of the fact that Nejmeh had no legitimate rights to the term "newsmax" for use as a domain.

1788573_4

43. Despite not being authorized to use the term, on September 23, 2013, Nejmeh rejected the offer and countered with an offer to sell the Domain for $80,000 instead.

44. On September 23, 2013, Newsmax countered with a final offer of $200.

45. On September 30, 3013, the bidding process was closed since Nejmeh did not accept the offer.

46. Soon thereafter, Newsmax sent a letter via its counsel demanding transfer of the Domain in light of its longstanding trademark rights. A copy of the letter is annexed hereto as Exhibit E.

47. In response, Nejmeh claimed that he was a legitimate owner of the Domain: "Since I am involved in Journalism with Nujobi.com a marketplace for journalism , this is the reason for holding ontyo [sic] this domain for our use. We are planning and have been planning publication of Newsmax.us in The NYC ? NJ Market [sic]. Newsmax.us has its own separate identity." A copy of his email in response is annexed hereto as Exhibit F.

48. In light of the purported plans for a competing publication with the infringing name newsmax.us, Newsmax asked Nejmeh for assurances that it would not publish the proposed newspaper or any other media product or service under that name.

49. Nejmeh refused to provide such assurances and instead insisted that Newsmax was required to show his bad faith. Nejmeh insisted on his good faith, but offered no evidence of his entitlement to use newsmax.us as a domain or service mark, beyond the fact that he had acquired the Domain, has been involved in journalism, and purportedly had plans to launch a newspaper under that name.

50. In closing, Nejmeh insisted "we own NewsMax.us and this is totally different than newsmax.com."

1788573_4

51.     Though Newsmax made further efforts to educate Nejmeh as to why his registration of the Domain and proposed use of the mark newsmax.us constituted bad faith infringement, Nejmeh still refused to transfer the Domain or confirm that he would not use the newsmax.us mark.

52.     Instead, Nejmeh posted about the dispute at the website at newsmax.us. The website features the banner: "newsmax.us coming soon on-line and in your hand." The website also includes a disclaimer "Disclaimer: we are not newsmax.com," thus recognizing the potential for consumer confusion. A copy of the website as it appeared on October 17, 2013 is annexed hereto as Exhibit G.

## FIRST CAUSE OF ACTION
(Federal Trademark Infringement Under
Section 32 of the Lanham Act, 15 U.S.C. § 1114)

53.     Newsmax repeats and realleges each and every allegation pleaded in paragraphs 1 through 52, inclusive, set forth above, as if the same were set forth fully herein.

54.     Defendant is using the Newsmax Marks in interstate commerce by means of the operation of the website located at newsmax.us, has announced an intention to use the mark newsmax.us for a newspaper, and is advertising newsmax.us as "coming soon on-line and in your hand."

55.     Defendant's use of newsmax.us is without permission of the owner of the registered Newsmax Marks.

56.     Defendant has been put on notice of his obligation to immediately cease his unauthorized use of the Newsmax Marks, but nonetheless has continued to use the Newsmax Marks in connection with maintaining a website at the Domain and advertising the impending launch of a news service and newspaper entitled newsmax.us.

1788573_4

57. Defendant's use of newsmax.us has and is likely to cause confusion and mistake and is likely to deceive the public.

58. Defendant's use of newsmax.us has confused and will continue to confuse the public as to the source of Defendant's activities.  This confusion is likely to lead the public to believe that Defendant is associated with, licensed by or endorsed by Plaintiff.

59. Defendant has infringed Plaintiff's trademark rights by the use of the newsmax.us designation in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

60. Defendant's infringement, following clear notification of Newsmax's rights in and ownership of the Newsmax Marks, is knowing and willful.

61. Plaintiff lacks an adequate remedy at law and will suffer immediate and irreparable harm unless a permanent injunction is issued enjoining Defendant's use of the newsmax.us designation.

62. Plaintiff has been injured by Defendant's actions and is entitled to damages in an amount to be determined at trial.  Plaintiff is also entitled to (i) treble damages sustained by it, (ii) costs and (iii) reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**
(Unfair Competition and False Designation of Origin
Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

63. Newsmax repeats and realleges each and every allegation pleaded in paragraphs 1 through 62, inclusive, set forth above, as if the same were set forth fully herein.

64. Defendant's unauthorized use of the Newsmax Marks in connection with the operation of the website and advertising of its plans to launch a print and online news service without permission or a license from Newsmax constitutes a false designation of origin and a

10

false representation that Nejmeh, the website, and/or his products and services are sponsored by, approved by, or otherwise affiliated with Newsmax.

65.    Newsmax has given Defendant notice of his obligation to cease the unauthorized use of the Newsmax Marks, but Defendant has nonetheless continued to use it.

66.    Defendant's conduct constitutes unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.    Defendant knowingly and willfully directed or participated in the foregoing acts of unfair competition.

68.    Defendant's unauthorized use of the Newsmax Marks is likely to confuse, deceive, or otherwise mislead the public.

69.    Newsmax has been substantially and irreparably injured by Defendant's acts of unfair competition and will continue to be substantially and irreparably injured unless and until Defendant is preliminarily and permanently enjoined from engaging in these acts.

70.    Plaintiff has been injured by Defendant's actions and is entitled to damages in an amount to be determined at trial.  Plaintiff is also entitled to (i) treble damages sustained by it, (ii) costs and (iii) reasonable attorney's fees.

### THIRD CAUSE OF ACTION
(Cybersquatting Under Section 43(d)
of the Lanham Act, 15 U.S.C. § 1125(d))

71.    Newsmax repeats and realleges each and every allegation pleaded in paragraphs 1 through 70, inclusive, set forth above, as if the same were set forth fully herein.

72.    Based on the foregoing, Nejmeh has bad faith intent to profit from Plaintiff's Newsmax Marks.

1788573_4

73.     Nejmeh has registered a domain name that is identical to Newsmax's distinctive and federally registered NEWSMAX mark.

74.     Upon information and belief, Nejmeh has no rights to the name or term "newsmax."  It is not his personal name, nor the name of any legitimate company that commenced doing business in advance of the registration of the Newsmax Marks.

75.     Defendant was on constructive notice of the Newsmax Marks prior to registration of the Domain.

76.     Upon information and belief, Nejmeh was on actual notice of the Newsmax Marks prior to registration of the Domain.

77.     Nejmeh's offer to sell the Domain to Newsmax for $80,000 without having used the domain name in the bona fide offering of any goods or services is evidence of bad faith.

78.     Nejmeh had no reasonable grounds to believe that the use of Domain was a fair use or otherwise lawful.

79.     Defendant's conduct constitutes cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

80.     Newsmax has been substantially and irreparably injured by Defendant's acts of cybersquatting and will continue to be substantially and irreparably injured unless and until Defendant is preliminarily and permanently enjoined from engaging in these acts.

81.     Plaintiff has been injured by Defendant's actions and is entitled to damages in an amount to be determined at trial.  Plaintiff is also entitled to (i) treble damages sustained by it, (ii) costs and (iii) reasonable attorney's fees.

82.     In the alternative, Plaintiff is entitled to statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered in its favor and against

Defendant, as follows:

a. Preliminarily and permanently enjoining Defendant, together with his

agents, employees, affiliates, or any others acting in concert with him from

directly or indirectly: using the marks NEWSMAX or NEWSMAX.COM

or any confusingly similar mark and passing off or otherwise representing

to the public that any website, publication (in print or electronic),

including newspapers, magazines, journals, and newsletters, broadcast (via

radio, cable, satellite, television, internet, broadband or other means of

transmission), podcast, news agency service, or any news or entertainment

service or broadcast offered by him are in any way sponsored by, created

by, endorsed by, emanate from or are affiliated with Plaintiff;

b. transferring the Domain to Plaintiff;

c. awarding Plaintiff its actual damages and Defendant's profits from the

infringement, in an amount to be determined at trial;

d. awarding Plaintiff treble damages as a result of Defendant's knowing and

willful service mark infringement and unfair and deceptive conduct and

competition;

e. awarding Plaintiff statutory damages in the amount of $100,000 for willful

cybersquatting under 15 U.S.C. § 1117(d);

f. awarding Plaintiff its reasonable attorneys' fees incurred in connection

13

with this action, pursuant to 15 U.S.C. § 1117;

g.      granting Plaintiff the costs and disbursements of this action; and

h.      awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

SATTERLEE STEPHENS BURKE & BURKE LLP

Dated:  October 18, 2013

By:    _/s/ James I. Doty_
        James I. Doty
        230 Park Avenue
        Suite 1130
        New York, NY 10169
        Tel: (212) 404-8718
        jdoty@ssbb.com

*Attorneys for Plaintiff Newsmax Media, Inc.*

**Certification Pursuant to Local Rule 11.2**

I, James I. Doty, counsel of record in the above case, certify under penalty of perjury that the matter in controversy in the above case is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

New York, New York                                                      */s/ James I. Doty*
October 18, 2013

14

1788573_4

15

**Certification Pursuant to Local Rule 201**

       I, James I. Doty, counsel of record in the above case, certify under penalty of perjury

pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the

damages sought are in excess of $150,000, exclusive of interest and costs.

New York, New York                                                                  */s/ James I. Doty*
October 18, 2013

15

1788573_4