**SATTERLEE STEPHENS BURKE & BURKE LLP**
230 Park Avenue, Suite 1130
New York, New York 10169
Tel. (212) 818-9200
Fax (212) 818-9606
*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEWSMAX MEDIA, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARK NEJMEH,<br><br>　　　　　Defendant. | C.A. No. 13-cv-06248-JAP-LHG<br><br>Hon. Joel A. Pisano, U.S.D.J.<br><br>**ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

　　　　This matter having been brought before the Court on the application of Satterlee Stephens Burke & Burke LLP, attorneys for Plaintiff Newsmax Media, Inc. ("Newsmax"), upon its Complaint, the supporting affidavits, and the Memorandum of Law in Support of Application for Temporary Restraining Order and Preliminary Injunction, and notice of this application having been served upon Defendant Mark Nejmeh ("Defendant");

　　　　**AND IT APPEARING** from the Complaint and the supporting affidavits that Newsmax is the owner of U.S. Registration Nos. 3177090 and 4308915 for the mark NEWSMAX and Registration Nos. 2721043 and 3659417 for the mark NEWSMAX.COM as well as of common law rights in those marks, and that, collectively, said registrations and common law rights are for goods in the nature of magazines obtainable in print, via electronic downloading, and via mobile applications for news, entertainment news, and features; and for services in the nature of news

1793294_1

agencies; and current event news reporting and entertainment services offered via the internet, email, and online newsletters; and radio, television, web series, and audio and video podcast programs; and that said registrations and rights are valid and subsisting;

**AND IT FURTHER APPEARING** from the Complaint and the supporting affidavits that Defendant (a) registered the domain name newsmax.us more than twelve years after Newsmax first used NEWSMAX.COM in commerce and more than seven years after that mark's registration; (b) is currently posting on a website found at that domain name; (c) is preparing to publish a news-related publication under the mark NewsMax.us in print and online; and (d) is publicizing the impending launch of such a publication;

**AND IT FURTHER APPEARING** that if Defendant is permitted to continue to maintain any content at a website located at the domain newsmax.us, to publish a publication under the mark NewsMax.us in print or online, or to publicize any such publication under the mark NewsMax.us that Newsmax will suffer immediate and irreparable injury unless Newsmax receives relief from this Court in the manner hereinafter set forth; and for good cause shown

**IT IS** on this _____ day of _____, 2013;

**ORDERED** that on the _____ day of _____, 2013, at _____ , or as soon thereafter as he or his counsel may be heard, Defendant Mark Nejmeh shall show cause before the Honorable Joel A. Pisano, U.S.D.J., at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608, why an Order, pursuant to Rule 65 of the Federal Rules of Civil Procedure, should not be entered herein enjoining and restraining Defendant Mark Nejmeh, together with his agents, employees, affiliates, or any others acting in concert with him, from directly or indirectly using the marks NEWSMAX or NEWSMAX.COM or any confusingly

similar mark – including without limitation newsmax.us – and passing off or otherwise representing to the public that any website, publication (in print or electronic), including newspapers, magazines, journals, and newsletters, broadcast (via radio, cable, satellite, television, internet, broadband or other means of transmission), podcast, news agency service, or any news or entertainment service or broadcast offered by him or to be offered by him are in any way sponsored by, created by, endorsed by, emanate from or are affiliated with Plaintiff;

**AND IT IS FURTHER ORDERED** that a copy of this Order to Show Cause together with all of the documents upon which this Order is based, including a copy of the Summons and Complaint, shall be deemed sufficient if served by overnight courier to Defendant's last known address or to Defendant's attorneys, if known, within _____ days of receipt thereof by Plaintiff's counsel;

**AND IT IS FURTHER ORDERED** that (a) Defendant shall file and serve on Plaintiff his answering affidavits and briefs at least _____ days prior to the return date of this Order to Show Cause, and (b) Plaintiff shall file and serve on Defendant any reply affidavits and briefs at least ____ days prior to the return date of this Order to Show Cause; and it is further

**AND IT IS FURTHER ORDERED** that, sufficient reason having been shown for a Temporary Restraining Order pending the hearing on Plaintiff's application for a Preliminary Injunction, Defendant, together with his agents, employees, affiliates, or any others acting in concert with him, and all those on notice of this Order, are temporarily restrained and enjoined from directly or indirectly using the marks NEWSMAX or NEWSMAX.COM or any confusingly similar mark – including without limitation newsmax.us – and passing off or otherwise representing to the public that any website, publication (in print or electronic), including newspapers, magazines, journals, and newsletters, broadcast (via radio, cable, satellite,

television, internet, broadband or other means of transmission), podcast, news agency service, or any news or entertainment service or broadcast offered by him or to be offered by him are in any way sponsored by, created by, endorsed by, emanate from or are affiliated with Plaintiff.

_____
Hon. Joel A. Pisano,
United States District Judge

Issued at \_\_\_\_\_ o'clock \_\_\_.m.

1793294_1